Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JAMES DUANE DECKARD,<br><br>                Defendant. | Case No. 1:22-CR-02066-MKD<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

**I.   BACKGROUND**

The Government agrees with the Offense Conduct summary outlined in paragraphs nine through sixteen of the Presentence Investigation Report. *See* ECF No. 33 at ¶¶ 9–16. Following a police chase which ended when the Defendant collided with a fire engine, the Defendant fled and was found to be in possession of ammunition. Further ammunition was found in the Defendant's vehicle. An investigation revealed that, while attempting to elude law enforcement, the Defendant had tossed a firearm with an obliterated serial number out of the car window where it

GOVERNMENT'S SENTENCING MEMORANDUM - 1

landed by a park. The Defendant's DNA was subsequently recovered from the recovered firearm.

The Defendant, as a methamphetamine user and a person previously convicted of a misdemeanor crime of domestic violence, was not allowed to possess either a firearm or ammunition.

## II. SENTENCING CALCULATIONS

### A. Base Offense Level & Enhancements

The Government agrees that the Defendant's base offense level is fourteen (14). The Government also agrees that the following specific offense characteristics and adjustments apply:

- a four (4) level increase due to the obliterated serial number (U.S.S.G. § 2K2.1(b)(4)(B));
- a four (4) level increase as the firearm was possessed in connection with another felony offense (U.S.S.G. § 2K2.1(b)(6)(B));
- a two (2) level increase as the Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer (U.S.S.G. § 3C1.2).

Further, the Government concurs with the Presentence Investigation Report that the Defendant merits a three (3) level reduction under U.S.S.G. § 3E1.1(a), (b).

The Government also agrees that the Defendant has a Criminal History Category of IV.

As such, the Defendant's total, adjusted offense level is twenty-one (21) for a guideline sentencing range of fifty-seven (57) to seventy-one (71) months.

### B. Departures

The Government is not seeking an upward departure in this matter.

## III. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

GOVERNMENT'S SENTENCING MEMORANDUM - 2

A. <u>The nature and circumstances of the offense and the history and characteristics of the Defendant</u>

In light of the Defendant's guilty plea to a firearm possession felony offense, the Government recommends a sentence slightly below the bottom of the sentencing guidelines range – forty-eight (48) months imprisonment. In December 2021 the Defendant committed a serious domestic violence assault, which led – a few days later – to his flight and apprehension by law enforcement. The Defendant also repeatedly attempted to interfere with the administration of justice, violating a no-contact order with the victim (and passenger in his vehicle during the elude) on multiple occasions and directly tampering with her with the goal of influencing her anticipated testimony. The Defendant's conduct in the instant case highlights the danger the Defendant poses to the community – the Defendant led law enforcement on a frantic chase through the City of Yakima, discarded a firearm by a park where anyone – to include a child – could have recovered it, and ultimately crashed into a fire engine, endangering himself, his passenger, and other individuals in the area. In light of the Defendant's plea of guilty, a forty-eight month sentence is sufficient, but not greater than necessary, to effectuate the purposes of sentencing.

Further, the Government requests that the Court impose a three (3) year term of supervised release. Given the Defendant's apparent drug use, firearm possession, and repeated domestic violence conduct, a term of supervised release is appropriate to protect the community from further criminal behavior once the Defendant completes any custodial sentence imposed by the Court.

B. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>

For the reasons discussed above, the Government asks that the Court sentence the Defendant to forty-eight months imprisonment. Considering the nature of the offense and the Defendant's history, such a sentence is appropriate to reflect the

GOVERNMENT'S SENTENCING MEMORANDUM - 3

seriousness of the conduct, promote respect for the law, and provide just punishment. The Government also asks that the Court order a three year term of supervised release.

    C. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>

A forty-eight month sentence, followed by a three year term of supervised release, will hopefully deter future criminal misconduct by the Defendant.

    D. <u>The need for the sentence imposed to protect the public from further crimes of the Defendant</u>

As discussed above, the requested three year term of supervised release will protect the public from future criminal conduct by the Defendant.

    E. <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

The Defendant may be able to take advantage of programs offered through the Bureau of Prisons to assist with his apparent methamphetamine addiction.

    F. <u>The kinds of sentences available</u>

The Court may sentence the Defendant to up to ten years in prison, a fine of up to $250,000, and three years of supervised release.

    G. <u>The kind of sentence contemplated by the Sentencing Guidelines</u>

The Sentencing Guidelines contemplate a term of imprisonment.

    H. <u>Any pertinent policy statements issued by the Sentencing Commission</u>

There are no pertinent policy statements in this case.

    I. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct</u>

A sentence within the advisory guideline range would avoid unwarranted sentence disparities.

    J. <u>The need to provide restitution to any victims of the offense</u>

There is no restitution contemplated in this matter.

GOVERNMENT'S SENTENCING MEMORANDUM - 4

## IV. GOVERNMENT'S SENTENCING RECOMMENDATION

As discussed above, the Government recommends that the Court impose a forty-eight month sentence followed by a three (3) year term of supervised release with the conditions outlined in the Presentence Investigation Report. *See* ECF No. 33 at 20–24. Such a sentence is sufficient, but not greater than necessary, to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated:   February 6, 2023.

> Vanessa R. Waldref
> United States Attorney
>
> *s/Michael J. Ellis*
> Michael J. Ellis
> Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Nick Mirr

*s/ Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 6